UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.K., et al.,<br><br>        Plaintiff,<br><br>  v.<br><br>SYLVAN UNION SCHOOL DISTRICT, et al.,<br><br>        Defendants. | 1:09-cv-1115 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD FILING DEADLINE: 2/11/10<br><br>OPPOSITION TO MOTION TO SUPPLEMENT AR FILING DEADLINE: 2/25/10<br><br>REPLY RE MOTION TO SUPPLEMENT AR FILING DEADLINE: 3/3/10<br><br>HEARING DATE ON MOTION TO SUPPLEMENT AR: 3/15/10 10:00 Ctrm. 2<br><br>MOTION FOR SUMMARY JUDGMENT (MSJ) RE IDEA FILING DEADLINE: 3/15/10<br><br>OPPOSITION & ANY X-MSJ FILING DEADLINE: 4/9/10<br><br>REPLY RE: MSJ FILING DEADLINE: 4/19/10<br><br>OPPOSITION RE X-MSJ FILING DEADLINE: 4/23/10<br><br>REPLY RE X-MSJ FILING DEADLINE: 4/30/10 |

|  | HEARING ON ALL MSJs: 5/24/10 10:00 Ctrm. 3 |
|---|---|
|  | FURTHER SCHEDULING CONFERENCE: 6/17/10 8:15 Ctrm. 3 |

I. Date of Scheduling Conference.

January 28, 2010.

II. Appearances Of Counsel.

Loughrey & Associates by Tamara L. Loughrey, Esq., appeared on behalf of Plaintiffs.

Miller Brown & Dannis by Amy R. Levine, Esq., appeared on behalf of Defendants.

III. Summary of Pleadings.

1. This matter encompasses an appeal of an IDEA due process hearing that was heard before the Office of Administrative Hearings (OAH) and involves a dispute between student I.K. and his parents E.K. and M.K. ("Plaintiffs") and Sylvan Union School District regarding allegations by Plaintiffs that the District denied him a free and appropriate public education ("FAPE"). Except for one issue, the hearing concluded in favor of the District. Additionally, this matter encompasses a claim that District employees Russ Antracoli and Tracy Barries violated Plaintiffs' rights under 42 U.S.C. § 1983. The final claim is that the District violated Plaintiffs' rights under § 504 of the Rehabilitation Act. Sylvan Union School District, Russ Antracoli and Tracy Barries are referred to collectively as Defendants.

IV. Orders Re Amendments To Pleadings.

1. The parties do not contemplate joining additional

parties at this time.

2. Plaintiffs are currently reviewing documents disclosed by Defendants in response to discovery requests in the State court case between the parties. Based upon an initial review, Plaintiffs believe amendment may be necessary. Plaintiffs plan to make a final determination after completing the review and completing additional discovery.

V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1. This suit is brought for I.K., a minor, by his parents Eliisa Kellberg, and Marco Kellberg.

2. At times relevant in the Complaint, I.K. was a student at Mary Ann Sanders Elementary School within the Sylvan Union School District.

3. Defendant, Sylvan Union School District, is a public entity within the meaning of California law.

4. At times relevant to this case, Russ Antracoli was the Principal of the elementary school.

5. At times relevant to this case, Tracy Barries was an instructional aid at the elementary school.

6. An IDEA due process hearing was heard before the California Office of Administrative Hearings commencing February 23, 2009. A decision was rendered on May 4, 2009.

7. There is pending in the Superior Court of California, County of Stanislaus, a complaint by Plaintiffs alleging claims for battery, assault, intentional infliction of emotional distress, negligent infliction of emotional distress,

3

negligent supervision, and violation of the Unruh Civil Rights Act.

8. At all times relevant, I.K. has been diagnosed with autism and has exhibited several mal-adaptive behaviors in the school setting, including non-compliance with authority and temper tantrums.

9. A review was conducted by an analyst who wrote a behavior support plan for I.K.

10. On March 5, 2007, the Behavior Support Plan ("BST") was presented at an individualized education program meeting.

11. Agreement was reached as to implementation of the plan.

12. The Plaintiffs claim that incidents occurred which form the basis for this lawsuit and the State lawsuit. The Defendants deny the incidents occurred.

13. The Federal case includes claims under the Individuals With Disabilities Education Act, the Rehabilitation Act of 1973 (§ 504), and 42 U.S.C. § 1983 for alleged violation of civil rights.

14. The Behavior Support Plans that were generated by Genesis Behavior Center were approved by Plaintiffs. IEPs, up until June 2008 were approved by Plaintiffs. Additional IEPs in the period June to the fall of 2008 were not approved by the Plaintiffs.

15. Deborah Brown and Patty Giron were not employees of the Sylvan Unified School District.

16. Plaintiffs allege that Brown and Giron were

contractors for the Sylvan Unified School District.

    B.    Contested Facts.

        1.    There is a dispute between the parties whether any IEPs after the first of June 2008 were approved.

        2.    All remaining facts are disputed.

VI. Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. §§ 1343(a)(3) and (a)(4); 29 U.S.C. § 794 for claims under § 504 of the Rehabilitation Act of 1973; and 20 U.S.C. § 415(l) for claims arising under the Individuals With Disabilities Education and Improvement Act of 2004 ("IDEA"). Claims are also asserted under 42 U.S.C. § 1983, et seq. Defendants assert that required exhaustion of administrative remedies has not been accomplished.

        2.    Venue is proper under 28 U.S.C. § 1391(b)(2).

        3.    To the extent State law applies to any of Plaintiffs' claims in the Federal action, the substantive law of the State of California provides the rule of decision.

    B.    Contested.

        1.    All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with

its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1. The parties agree that the IDEA appeal is exempt from initial disclosures under Fed.R.Civ.P. 26.

    2. The parties agree that the IDEA claim should proceed to full resolution by dispositive motion. Discovery conducted in the State case shall be usable and applied with the same force and effect in the Federal case.

    3. Any Motion for Summary Judgment concerning the IDEA claim shall be filed on or before March 15, 2010. Opposition and any cross-motion for summary judgment shall be filed on or before April 9, 2010. Any reply to the motion for summary judgment shall be filed on or before April 19, 2010. The opposition of the Defendants to any cross-motion for summary judgment by Plaintiff shall be filed on or before April 23, 2010. Any reply to that shall be filed on or before April 30, 2010. The motions will be heard on May 24, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

X. Stay on Remaining Federal Discovery.

    1. Discovery on the remaining Federal claims shall be deferred pending the disposition of dispositive motions on the IDEA claim.

XI. Supplementing the Administrative Record.

    1. Any motion directed toward supplementing the

Administrative Record with additional allegedly withheld evidence shall be filed by February 11, 2010.  Any opposition to such a motion shall be filed no later than February 25, 2010.  Any reply shall be filed on or before March 3, 2010.  The hearing on this issue shall be held March 15, 2010, at 10:00 a.m. in Courtroom 3 before the Honorable Oliver W. Wanger, United States District Judge.

XII. No Discovery is Required for the Preparation and
     Presentation of the Dispositive Motions on the IDEA Claim.

   1.   The parties agree that the Plaintiffs' Motion for Summary Judgment in the State case will not be filed before June 1, 2010.

XIII.  Further Scheduling Conference.

   1.   A Further Scheduling Conference shall be held June 17, 2010, at 8:15 a.m. to adopt a schedule for the balance of the case.

XIV.   Special Procedures.

   1.   The parties agree that testimony taken in administrative hearings in the OAH proceeding may be utilized in the Federal case.  This does not foreclose further testimony being taken in the event that there is a subject that was not in issue and could not reasonably have been inquired about at the administrative hearing.

   2.   The parties agree that OAH transcripts of testimony and exhibits received in the OAH proceeding may be utilized in the Federal case without further authentication.

XV.  Motions - Hard Copy.

   1.   The parties shall submit one (1) courtesy paper copy to

the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XVII. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1. None.

XVIII. Related Matters Pending.

    1. The case of *I.K., et al., v. Sylvan Union School District, et al.*, Case Number 639035 is currently pending in Stanislaus Superior Court. That case involves similar facts to this case, but involves different causes of action.

XIX. Compliance With Federal Procedure.

    1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XX. Effect Of This Order.

    1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by

1 subsequent scheduling conference.

2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   February 1, 2010                  /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE